**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant KWINTON K. ESTACIO**
**United States Air Force**

**ACM 38256**

**11 June 2014**

Sentence adjudged 12 September 2012 by GCM convened at Joint Base San Antonio–Lackland, Texas. Military Judge: Matthew D. Van Dalen.

Approved Sentence: Bad-conduct discharge, confinement for 12 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter and Captain Christopher D. James.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Captain Richard J. Schrider; Major Daniel J. Breen; Gerald R. Bruce, Esquire.

Before

ROAN, HECKER, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Senior Judge:

Pursuant to his pleas, the appellant was convicted of one specification of violating a lawful general regulation, two specifications of violating a lawful order, and two specifications of obstructing justice, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. For the two obstruction of justice specifications, the appellant pled guilty excepting certain language. The Government elected to proceed to trial on the excepted language for one of these specifications, as well as on an aggravated sexual

assault specification in violation of Article 120, UCMJ, 10 U.S.C. § 920. Following a litigated trial, officer members convicted the appellant of the excepted language for the obstruction specification and found him not guilty of the sexual assault specification. The members sentenced the appellant to a bad-conduct discharge, confinement for 12 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

The appellant raises two issues on appeal: (1) whether his sentence is inappropriately severe and (2) whether he is entitled to a new convening authority action where the staff judge advocate's recommendation failed to address a pretrial confinement issue. Finding no error that materially prejudices a substantial right of the appellant, we affirm.

*Background*

The appellant was assigned as a military training instructor (MTI) at Joint Base San Antonio–Lackland, responsible for overseeing the eight-week basic training of civilians entering active duty as enlisted Airmen. Air Education and Training Command Instruction 36-2909, *Professional and Unprofessional Relationships*, (2 March 2007), expressly prohibits MTIs from having personal, intimate, or sexual relationships with trainees and students who have not yet reported to their permanent duty station.

In October 2011, the appellant approached one of his female trainees in a supply room of a trainee dormitory. The 18-year-old trainee had had just graduated from basic training and was scheduled to leave within a few days for technical training at another base. The appellant kissed her and engaged in sexual activity with her on this occasion. Over the next two months, while the female Airman was at technical school, the appellant called and texted her on multiple occasions, and some of these communications were about sexual matters. For this conduct, the appellant pled guilty to violating a lawful general regulation.[1]

By mid-November 2011, the appellant was under investigation for inappropriate conduct with this former trainee. He called her at technical school and told her that someone may be contacting her to talk about their sexual encounter. The appellant told her to delete all text messages, photographs, and phone logs. In his guilty plea for obstruction of justice, the appellant admitted he did this to impede the investigation into his misconduct. He pled not guilty, by exception, to the specific acts of asking and

---

[1] The Government also charged the appellant with aggravated sexual assault for engaging in this sexual contact by using and abusing his military rank, position, and authority to place this woman in fear of an impact on her military career. The military judge granted the defense motion for a finding of not guilty pursuant to Rule for Courts-Martial 917 as to this offense, and the panel acquitted the appellant of the lesser included offense of wrongful sexual contact.

telling the former trainee to lie about his personal and sexual contact with her, but the panel convicted him of this misconduct.

On several occasions during this same time frame, the appellant contacted another woman who had been one of his trainees. The appellant told her that he and another MTI were under investigation, that she may be contacted by investigators, and that she should delete from her cellular phone all items she had received from the other MTI. The appellant admitted he did this to impede the investigation into himself and the other MTI and pled guilty to obstructing justice.

The appellant's commander issued a written order to the appellant on 13 January 2012, directing him to refrain from any personal contact and communication with two other MTIs who were also under investigation. Despite this order, over the next three months, the appellant met and communicated with one of the MTIs on a daily basis and with the other MTI on an occasional basis. For this misconduct, the appellant pled guilty to two specifications of violating a lawful order.

*Sentence Severity*

The appellant asserts that three other MTIs were convicted of offenses similar to his yet received less severe sentences than the one approved in his case. He argues that under sentence comparison principles, this Court should find his sentence inappropriately severe.

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006). *See also United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In exercising sentence appropriateness review, we are required to engage in sentence comparison "only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). The appellant bears the

burden of demonstrating that any cited cases are "closely related" to his case and that the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* If the appellant meets his burden of demonstrating closely related cases involving highly disparate sentences, the Government "must show that there is a rational basis for the disparity." *Id.*

Applying these standards to the present case, we find the appellant has not met his burden of demonstrating that the other three cases he cites are closely related to his own. Documents submitted to this Court by the appellant demonstrate that the three cases involved MTIs who were convicted of inappropriate personal and/or sexual contact with trainees in 2011 and 2012 and received sentences of a lesser severity than the appellant. However, the appellant does not argue that these MTIs were coactors with the appellant or involved in a common scheme with him. We therefore decline to engage in sentence comparison.[2] Furthermore, we have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial and find nothing inappropriate about the appellant's sentence.

*Pretrial Confinement*

After military authorities became aware that the appellant was violating his commander's no contact order by meeting regularly with one of the other MTIs who was under investigation, he was placed in pretrial confinement for five days in April 2012. Because the Staff Judge Advocate's Recommendation (SJAR) does not reference that the appellant was in pretrial confinement, the appellant contends he is entitled to a new convening authority action because the SJAR "failed to address pretrial confinement, as is required by [Rule for Courts-Martial (R.C.M.)] 1106(d)(3)."

The standard of review for determining whether post-trial processing was properly completed is de novo. *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000). Failure of defense counsel to comment on any matter in the SJAR in a timely manner waives a later claim of error in the absence of plain error. R.C.M. 1106(f)(6); *Kho*, 54 M.J. at 65. To prevail under a plain error analysis, the appellant has the burden of persuading the court that: (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *Id.* Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents "some colorable showing of possible prejudice." *United States v. Wheelus*, 49 M.J. 283,

---

[2] Unlike the appellant, none of these MTIs were convicted of obstructing justice.

289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)) (internal quotation marks omitted).

R.C.M. 1107(b)(3)(A) provides that, before taking action in a case, the convening authority *must* consider the result of trial, the SJAR, and any matters submitted by the accused under R.C.M. 1105 or in response to the SJAR. The SJAR, meanwhile, must contain, *inter alia*, a copy of the Report of Result of Trial, setting forth the findings, sentence, and confinement credit to be applied. R.C.M. 1106(d)(3).

Here, the SJAR (and its addendum) did not explicitly advise the convening authority that the appellant was in pretrial confinement for five days, and the personal data sheet that was attached to the SJAR stated the appellant had *not* been subject to pretrial restraint.[3] However, the report of result of trial was also attached to the SJAR and it *does* include the fact that the appellant was in pretrial confinement for five days.[4] Given this, we conclude that the convening authority was informed about the appellant's time in pretrial confinement. Furthermore, the appellant does not allege he was prejudiced by the absence of this information in the SJAR itself, and we find no such prejudice.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[3] This same erroneous personal data sheet was given to the panel, but they were instructed by the military judge that the appellant will receive credit for his five days in pretrial confinement.

[4] Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.3 (21 December 2007), requires the Report of Result of Trial (AF Form 1359) and Confinement Order (DD Form 2707) be annotated to reflect credit for military pretrial confinement. Here, the appellant's DD Form 2707 does not reference pretrial confinement credit, but a DD Form 2710-1, *Prisoner Sentence Computation*, prepared the day after the appellant's trial, reflects that the appellant was to receive 5 days credit, and the appellant does not allege he was not given this credit.