*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, LAWRENCE, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Collin J. BROWN**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202000095**

Decided: 22 January 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Andrea C. Goode

Sentence adjudged 29 January 2020 by a general court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for fifty months,[1] reduction to E-1, and a bad-conduct discharge.

For Appellant:
*Commander Michael Maffei, JAGC, USN*

---

[1] Pursuant to a plea agreement, the convening authority suspended all confinement in excess of thirty-six months.

For Appellee:
*Major Samuel R. White, USMC*
*Lieutenant Commander Jeffrey S. Marden, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of two specifications of assault consummated by a battery on a child under the age of sixteen, in violation of Article 128, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 928.[2] Appellant asserts one summary assignment of error: that his sentence is not uniform with sentences in other courts-martial for similar offenses.[3]

## I. BACKGROUND

Appellant's convictions include two separate assaults on his less-than-one-month-old son—the first involved squeezing the child and fracturing at least one of his ribs; the second, days later, involved squeezing the infant's leg and fracturing his tibia.[4] At trial, Appellant explained that his actions were the result of frustration and being overwhelmed by caring for a crying, squirming child.

---

[2] Six additional specifications alleging violations of Articles 128, 128b, and 134 were withdrawn and dismissed without prejudice, to ripen into prejudice upon completion of appellate review.

[3] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] Pros. Ex. 1.

## II. DISCUSSION

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). In doing so, we compare sentences only "in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). As a threshold require-ment for such comparisons, an appellant must first show "that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.' If the appellant meets that burden . . . then the Government must show that there is a rational basis for the disparity." *Id.* (citation omitted) (quoting *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999)). In his assignment of error, Appellant fails to cite to any specific cases, closely related or otherwise, in support of his claim that his sentence is not "uniform" with those awarded in other courts-martial for similar offenses. Accordingly, any comparison of sentences here is neither practicable nor required.

We may, however, affirm only those sentences that that we "find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." UCMJ art. 66(c). Given the victim's age, the grievous nature of his injuries, the fact that the assaults occurred on separate occasions, and that Appellant freely negotiated a plea agreement capping confinement at thirty-six months despite a potential maximum punishment including ten years' confinement and a dishonorable discharge, we conclude that the sentence awarded by the military judge in this case falls within the range of appropri-ate sentences.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substan-tial rights occurred. UCMJ arts. 59, 66. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court