# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM S32675

———————————

### UNITED STATES
*Appellee*

v.

### Matthew R. GONZALES
Airman (E-2), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 May 2021

———————————

*Military Judge:* Christopher D. James.

*Sentence:* Sentence adjudged 17 August 2020 by SpCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 17 September 2020: Bad-conduct discharge, confinement for 6 days, reduction to E-1, and a reprimand.

*For Appellant:* Lieutenant Colonel Garrett M. Condon, USAF.

*For Appellee:* Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

Judge MEGINLEY delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MEGINLEY, Judge:

In accordance with Appellant's pleas pursuant to a plea agreement, a special court-martial composed of a military judge sitting alone found Appellant guilty of one specification of wrongful use of cocaine on divers occasions and

one specification of wrongful use of 3,4-methylenedixoxymethaphetamine (ecstasy), both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] As part of his plea agreement with the convening authority, Appellant waived his right to trial by members and requested to be tried by military judge alone. As such, the provisions outlined in Rule for Courts-Martial (R.C.M.) 705, *Plea agreements,* and R.C.M. 1002(d)(2), *Sentencing determination*, applied to Appellant's case. Allowing for concurrent sentences, the intent of the parties regarding adjudged confinement was that the total minimum amount of confinement would be five days and the total maximum amount of confinement would be 15 days. There were no other limitations in the plea agreement.

On 17 August 2020, the military judge accepted the plea agreement and it became binding on the parties and the court-martial. *See* Article 53a(d), UCMJ, 10 U.S.C. § 853a(d); *see also* R.C.M. 1002(a)(2) (where "the court-martial shall sentence the accused in accordance with the limits established by the plea agreement"). Consistent with the sentence the military judge announced, including the segmented sentencing for confinement, and the sentence limitations established by the plea agreement, Appellant was sentenced to a bad-conduct discharge, confinement for six days, reduction to the grade of E-1, and a reprimand. On 8 September 2020, the convening authority took no action on the findings or sentence.[2] On 17 September 2020, the military judge signed the entry of judgment (EoJ).

Appellant raises two assignments of error: (1) whether the Government could rebut a presumption of prejudice against Appellant because the record of trial (ROT) is substantially incomplete; and (2) whether Appellant's sentence is inappropriately severe.[3] Regarding the first issue, Appellant asserts the ROT was incomplete because Prosecution Exhibit 2, Appellant's Personal Data Sheet (PDS), was missing. In response to Appellant's assignment of error, and without opposition, this court granted the Government's motion to attach the

---

[1] All references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Because Appellant was found guilty of the Charge and its two specifications that alleged the commission of offenses after 1 January 2019, Articles 60a and 60b, UCMJ, 10 U.S.C. §§ 860a, 860b, and R.C.M. 1109 and 1110, guided the convening authority's decision on action. *See* Exec. Order 13,825, §§ 3(a), 5, and 6(b), 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018).

[3] Appellant raises this second issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

missing exhibit, along with an affidavit from the trial counsel in this case, attesting that the PDS attached was a "true and accurate copy" of Prosecution Exhibit 2. As such, we consider the omission harmless and this issue resolved.[4]

Finding no error that materially prejudiced a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

On 3 October 2019, Appellant went to a music festival in Ozark, Arkansas, where he used cocaine. On 4 October 2019 or 5 October 2019, Appellant returned to the music festival, where he bought $50.00 worth of cocaine, or approximately 0.5 grams, and used the cocaine eight or nine times throughout the night. On 26 October 2019, Appellant again used cocaine with a civilian friend in Oklahoma City, Oklahoma. On this last use, Appellant was told by his friend that the cocaine was "laced with X or something;" Appellant would later find out the substance was ecstasy. Appellant was aware that "X" is another name for a reference to ecstasy.

On 4 October 2019, Appellant submitted to a random urinalysis. The results of this urinalysis returned positive for cocaine. On 16 October 2019, Appellant submitted to a follow-up *Bickel* test,[5] and this test returned another positive result for cocaine. On 28 October 2019, Appellant submitted to another *Bickel* test and this test returned a positive result for the presence of both cocaine and ecstasy.

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to determine sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F.

---

[4] This court granted the Government's motion to attach where an "'extra-record fact determination[ ]' may be [a] 'necessary predicate[ ] to resolving appellate questions.'" *United States v. Jessie*, 79 M.J. 437, 442–43 (C.A.A.F. 2020). The court also notes that we have examined the attached PDS and compared it against the version of the PDS in the record of trial accompanying the forwarding of charges to the convening authority. The only substantive differences were the date prepared and changes in Appellant's pay and his length of service.

[5] *United States v. Bickel*, 30 M.J. 277, 288 (C.M.A. 1990) (holding that the testing of servicemember's urine for drugs pursuant to an inspection is constitutionally valid and that a later test is a continuation of the original inspection).

2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citation omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

On appeal, Appellant asserts his sentence for use of illegal drugs is inappropriately severe and asks this court to disapprove the portion of his sentence consisting of a bad-conduct discharge, as the nature of the charges "are of such a low degree that they [do] not merit a punitive discharge." Additionally, Appellant states the "[c]haracter evidence presented . . . established beyond doubt, without any rebuttal and without any impeachment, that [Appellant] is a kindhearted, good man of impeccable character."

While Appellant's character evidence may not have been rebutted by any Government witness, Appellant's character was shown through the facts and circumstances of the offenses. Appellant knowingly used what he now refers to as "recreational drug[s]," knew his uses were illegal, and continued to use multiple times even after military authorities were aware of his illegal conduct. We considered the nature and seriousness of Appellant's admitted offenses, and all matters contained in the record of trial, to include all matters he submitted on his behalf in extenuation, mitigation, and clemency. We conclude the sentence, including a bad-conduct discharge,[6] is not inappropriately severe.

## III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d).

---

[6] This court notes that although there was a cap of 15 days of confinement, Appellant's trial defense counsel, with Appellant's permission, conceded that if the military judge were to adjudge confinement in excess of five days, that the trial court should consider punishing Appellant with a bad-conduct discharge in lieu of any additional days of confinement.

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court