# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32637 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Alejandro L. PEREZ**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 28 September 2021

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged 14 November 2019 by SpCM convened at Beale Air Force Base, California. Sentence entered by military judge on 28 November 2019: Bad-conduct discharge, confinement for 150 days, and forfeiture of $1,120.00 pay per month for 5 months.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Captain Sara J. Hickmon, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MEGINLEY, Judge:

In accordance with Appellant's pleas, pursuant to a plea agreement, a special court-martial composed of a military judge sitting alone found Appellant guilty of one specification of wrongful possession of cocaine, one specification of wrongful use of cocaine, and one specification of wrongful use of methamphetamine, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; and one specification of failure to obey a lawful order, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1] As part of his plea agreement with the convening authority, Appellant waived his right to trial by members and requested to be tried by military judge alone.[2] The military judge sentenced Appellant to 150 days of confinement, forfeiture of $1,120.00 pay per month for five months, and a bad-conduct discharge. The military judge credited Appellant for 56 days he spent in pretrial confinement.

During this court's initial review of Appellant's case, we determined that Prosecution Exhibit 1, a four-page stipulation of fact, contained six attachments that were not included in the record of trial. Exercising our independent responsibility to review the record under Article 66(d), UCMJ, 10 U.S.C. § 866(d), on 14 June 2021 we returned the record to the Chief Trial Judge, Air Force Trial Judiciary, for action consistent with Rule for Courts-Martial 1112 to resolve the matter of the missing attachments. On 28 June 2021, the military judge signed a certificate of correction and, on 30 June 2021, the record of trial was returned to the court for completion of appellate review. We find the defect in the record of trial has been corrected.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant asserts on appeal that his sentence is inappropriately severe. Upon further review, we find no error that materially prejudiced a substantial right of Appellant and affirm the findings and sentence.

---

[1] All references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial*, *United States* (2019 ed.).

[2] Additionally, as part of the plea agreement, one specification of wrongful introduction of cocaine onto a military installation was withdrawn and dismissed upon the military judge's acceptance of Appellant's guilty plea to all other specifications of Charges I and II.

## I. BACKGROUND

This case was Appellant's second court-martial. On 1 August 2019, Appellant pleaded guilty at a special court-martial for, *inter alia*, wrongful use, possession, and introduction onto a military installation of methamphetamine. Appellant was sentenced to a total of 75 days' confinement, forfeiture of $1,120.00 pay per month for three months, and reduction to E-1; Appellant was credited with 89 days of pretrial confinement credit. Appellant did not receive a punitive discharge at his first court-martial.

On 19 August 2019, Appellant was randomly selected to provide a sample of his urine to the local Drug Demand Reduction office at Beale Air Force Base (AFB).[3] On 6 September 2019—prior to learning of the results of this urinalysis—and due to Appellant's failures to report to work and failure to notify his command of his whereabouts on numerous occasions, Appellant's commander ordered Appellant restricted to Beale AFB. Appellant was lodged at billeting on base. On 16 September 2019, the sample reported positive for methamphetamine. On 19 September 2019, pursuant to the regular administration of the Alcohol and Drug Abuse Prevention and Treatment (ADAPT) program, Appellant provided another sample of his urine; that sample tested presumptively positive for cocaine.[4]

During the investigation into Appellant's drug use, investigators learned that on 13 September 2019, Appellant violated his restriction by leaving Beale AFB without authorization.

With respect to his methamphetamine use, Appellant stipulated that between 15 August 2019 and 18 August 2019, while at his off-base residence, he combined some amount of methamphetamine with a sleep medication in a juice

---

[3] The stipulation of fact is silent on the nature of this random selection—for example, whether it was a base-wide inspection, unit inspection, or pursuant to enrollment in the Alcohol and Drug Abuse Prevention and Treatment program. However, during his providence inquiry, Appellant acknowledged that "[he] was randomly selected for another urinalysis on 19 August, and as expected, tested positive for methamphetamine."

[4] After Appellant's positive result for methamphetamine—but prior to the urine sample provided as apart of the ADAPT program—on the morning of 17 September 2019, Appellant submitted a urine sample pursuant to his base's *Bickel* policy. *See United States v. Bickel*, 30 M.J. 277, 288 (C.M.A. 1990) (holding that the testing of service-member's urine for drugs pursuant to an inspection is constitutionally valid and that a subsequent test is a continuation of the original inspection). It appears the results of the *Bickel* test were not attached to the stipulation of fact, but when discussing potential motions Appellant could have filed in this case, trial defense counsel indicated that the *Bickel* urine sample tested positive for cocaine.

cocktail and consumed the beverage. Regarding his wrongful use and possession of cocaine, Appellant stipulated that on 13 September 2019, while Appellant was staying in billeting, he was conversing with an unnamed individual on a cell phone dating application. The individual asked Appellant if he wanted cocaine; Appellant said yes. The individual was already on the installation and agreed to go to Appellant's billeting room. In the parking lot of Appellant's billeting on base, Appellant then exchanged $50.00 for the cocaine. Appellant consumed the cocaine by mixing it in a drink. After Appellant tested positive for cocaine, pursuant to a search authorization, Appellant's billeting room was searched on 19 September 2019. During the search, cocaine residue was discovered in a small clear bag.

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to determine sentence appropriateness, "which reflects the unique history and attributes of the military justice system, includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

During the presentencing phase, Appellant provided a written unsworn statement. In that statement, Appellant asked that he not be sentenced to a punitive discharge, informing the military judge that he had been sexually assaulted by two different individuals at two different installations prior to his arrival at Beale AFB. According to Appellant, these sexual assaults caused him to "disassociate, lose track of time, and place," and ultimately led to a diagnosis

of major depressive disorder and recurring chronic post-traumatic stress disorder (PTSD).[5] In his clemency matters, Appellant told the convening authority he "turned to illicit drug use to provide a momentary reprieve from the hellacious life [he] endured every day." Appellant also stated that "these substances took over to establish a crippling addiction" that he was still trying to fight. On appeal, Appellant asserts the adjudged punitive discharge is "unnecessary and overly harsh," as Appellant was a survivor of military sexual trauma and was diagnosed with significant mental illness, including major depressive disorder and PTSD.

The court acknowledges that Appellant presents a sympathetic explanation of his mental health issues as evidence in mitigation and extenuation. However, we cannot ignore Appellant's extensive drug use. Drug use and possession, particularly on a military installation, is a serious offense—regardless of whether it was done to cope with extraordinary stress or significant mental health issues. Appellant did not receive a punitive discharge in his first court-martial that included convictions for wrongful use, possession, and introduction onto a military installation of drugs; in the case before us, Appellant returned to drug use less than one month after his conviction and after having received substantial mental-health services and treatment. We further note that the adjudged amount of confinement was below the maximum amount of confinement Appellant could have received from the military judge; Appellant's plea agreement with the convening authority is some indication of the fairness and appropriateness of his sentence.[6] Appellant's arguments are more in the nature of a request for clemency than an appeal of sentence severity. Having considered Appellant, the nature and seriousness of his admitted offenses, and all matters contained in the record of trial, to include all matters Appellant submitted in his case in extenuation, mitigation, and clemency, we conclude the approved sentence, including a bad-conduct discharge, is not inappropriately severe.

## III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a)

---

[5] Appellant also introduced 127 pages of mental health records in sentencing, documenting these issues. He was diagnosed and received services and treatment before he committed the offenses in this case.

[6] The plea agreement required the military judge to enter concurrent segmented sentences and required the adjudged confinement sentences to be within the range agreed upon for each offense. As a result of the agreement, Appellant's confinement exposure was a minimum of 120 days and a maximum of 180 days.

and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court