# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————

### No. ACM S32603 (f rev)

———————

### UNITED STATES
*Appellee*

v.

### Christopher P. FINCO
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 16 November 2021

———————

*Military Judge:* Christopher M. Schumann; Andrew R. Norton (remand).

*Sentence*: Sentence adjudged on 7 June 2019 by SpCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 26 June 2019 and reentered on 29 September 2020: Bad-conduct discharge, confinement for 5 months, reduction to E-1, and a reprimand.

*For Appellant:* Major Stuart J. Anderson, USAF; Major Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Anne M. Delmare, USAF; Major Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, CADOTTE, *Appellate Military Judges*.

Senior Judge LEWIS delivered the opinion of the court, in which Chief Judge JOHNSON and Judge CADOTTE joined.

———————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————

LEWIS, Senior Judge:

This case is before our court for the second time. Previously, our court remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as no action was taken on the adjudged sentence. *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *20–21 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.).[1] We also determined that Appellant's entry of judgment (EoJ) required modification during the remand as it did not include the language of Appellant's reprimand. *Finco*, unpub. op. at *3–5. We deferred deciding the issue of whether Appellant's sentence was inappropriately severe, an issue initially raised by Appellant personally in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

During the remand, on 22 September 2020 the successor to the convening authority took action on the sentence by approving the sentence. Consequently, on 29 September 2020 the military judge signed a modified EoJ, which included the previously omitted reprimand language. We find the convening authority's 22 September 2020 action on the sentence complies with applicable law and the modified EoJ correctly reflects the post-trial actions taken by the convening authority in this case.

After the remand, Appellant's counsel raised the issue of sentence severity—this time as an assignment of error with supplemental briefs. One claim—which we address in this point in the opinion—is whether Appellant has met his burden of demonstrating that the cases of Senior Airman (SrA) JB and SrA RD are "closely related" to his, and if so, that the sentences are "highly disparate." *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Before we address the merits of that issue, we address the scope of what we may consider.

In support of his claim, Appellant moved to attach a declaration he wrote about the conduct of SrA JB and SrA RD. He also moved to attach Air Force court-martial summaries from March 2019 that provided some details about SrA JB's special court-martial. According to Appellant's declaration, SrA RD

---

[1] Subsequent to our remand, the United States Court of Appeals for the Armed Forces (CAAF) decided *United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 818 (C.A.A.F. 7 Sep. 2021) (per curiam). In *Brubaker-Escobar*, the CAAF held the convening authority committed a procedural error by taking no action on the sentence, when the case involved a conviction for at least one offense committed before 1 January 2019 and referral was after 1 January 2019. *Id.* at *6–8. The CAAF tested the procedural error for material prejudice. *Id.* at *8; *see also United States v. Aumont*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 892 (C.A.A.F. 12 Oct. 2021) (remanding to our court to determine whether the procedural error of taking no action on the sentence materially prejudiced a substantial right of appellant).

received an administrative discharge. On 8 October 2019, we granted the un-opposed motion to attach.

Subsequent to our decision to grant the motion to attach, the United States Court of Appeals for the Armed Forces (CAAF) decided *United States v. Jessie*, 79 M.J. 437, 444–45 (C.A.A.F. 2020), where it addressed when we are permitted to consider matters entirely outside of the record of trial in using our broad discretionary power to review sentence appropriateness under Article 66, UCMJ, 10 U.S.C. § 866. Applying *Jessie*, we see no references to SrA JB and SrA RD during Appellant's trial or in the allied papers of the record of trial. Accordingly, we understand that we are not permitted to consider the outside-the-record submissions that Appellant moved to attach.

We distinguish Appellant's case from recent decisions where our court considered outside-the-record materials to resolve sentence disparity claims. *See United States v. Daniel*, No. ACM S32654, 2021 CCA LEXIS 365, at *5 n.4 (A.F. Ct. Crim. App. 26 Jul. 2021) (unpub. op.), *rev. denied*, No. 21-0365, ___ M.J. ___, 2021 CAAF LEXIS 976 (C.A.A.F. 9 Nov. 2021); *United States v. Cruspero*, No. ACM S32595 (f rev), 2021 CCA LEXIS 208, at *7 n.2 (A.F. Ct. Crim. App. 30 Apr. 2021) (unpub. op.), *rev. denied*, No. 21-0297, ___ M.J. ___, 2021 CAAF LEXIS 812 (C.A.A.F. 8 Sep. 2021). In *Daniel* and *Cruspero*, our court decided that we could consider outside-the-record materials because the stipulations of fact showed how other Airmen were involved in at least some of the appellants' crimes. *See Daniel*, unpub. op. at *5 n.4; *Cruspero*, unpub. op. at *7 n.2. As the stipulations of fact could not fully resolve the issue of sentence disparity, our court was permitted to supplement the record and considered the outside-the-record materials. *See Jessie*, 79 M.J. at 442–44. In Appellant's case, the stipulation of fact does not mention SrA JB or SrA RD. The parties have not identified other portions of the record referencing SrA JB or SrA RD, and we found no specific or generic references to them during our review. Accordingly, we understand that we cannot supplement the record in this case.

We also find sentence comparison is not required, as Appellant has failed to meet his burden to show that the cases are closely related to his and include highly disparate sentences. *See United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citation omitted); *Lacy*, 50 M.J. at 288.

We are mindful that the CAAF in *United States v. Stanton* considered documents related to the appellant's administrative discharge "without ruling on [the] issue" of whether the documents were in the entire record. 80 M.J. 415, 417 n.2 (C.A.A.F. 2021). The CAAF noted that the parties did not object and did not explain in their briefs how the documents could be considered under *Jessie*. *Id*. Similarly, this case does not involve an objection by the parties or an explanation of how we should apply *Jessie*. On the other hand, the parties filed their initial briefs before *Jessie* but submitted their post-remand briefs

more than a year after *Jessie*. Given the circumstances of this case and the passage of time since *Jessie*, we determined the best approach was to rule on the issue and decide that we cannot consider the matters Appellant moved to attach.

We note, however, that even if we considered the materials Appellant moved to attach, we would not find this to be one of "those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *See Sothen*, 54 M.J. at 296 (internal quotation marks and citation omitted). We would also decline to deviate from the general rule that "[t]he appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases." *United States v. LeBlanc*, 74 M.J. 650, 659 (A.F. Ct. Crim. App. 2015) (en banc) (citing *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)).

After conducting the remaining analysis necessary to determine the issue of sentence severity, we find no error that materially prejudiced a substantial right of Appellant and we affirm the findings and sentence.

## I. BACKGROUND

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of signing a false official statement, one specification of making a false official statement, one specification of wrongful use of marijuana, and one specification of wrongful possession of marijuana in violation of Articles 107 and 112a, UCMJ, 10 U.S.C. §§ 907, 912a.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, reduction to the grade of E-1, and a reprimand. The PTA limited the amount of confinement to seven months if a bad-conduct discharge was not adjudged and to five months if bad-conduct discharge was adjudged. Otherwise, the PTA provided no limits on the convening authority's discretion to approve a lawful sentence.[3]

---

[2] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). All other references to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] The convening authority also agreed in the PTA to withdraw and dismiss one specification of wrongful distribution of marijuana, an alleged violation of Article 112a, UCMJ.

Our prior opinion explained the facts underlying the investigation of Appellant's drug use by the Air Force Office of Special Investigations (AFOSI). *Finco*, unpub. op. at *3–5. We noted that during an eight-month period of time, Appellant purchased marijuana and marijuana edible products more than 50 times from a local dispensary and subsequently smoked or consumed most of them. *Id*. at *3–4. When interviewed by AFOSI, Appellant made several false official statements when he denied using marijuana and denied using it with Airman First Class (A1C) JJ. *Id*. at *4–5. Appellant also signed a written statement that was false because he denied using marijuana. *Id*. at *5.

## II. DISCUSSION

### A. Law

We review sentence appropriateness de novo. *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (citation omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *Sauk*, 74 M.J. at 606 (alteration in original) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no authority to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

### B. Analysis

Appellant argues that his conduct was not worthy of both multiple months of confinement and a bad-conduct discharge. Appellant concedes that his conduct was unacceptable for someone in the military but asserts the term of confinement the military judge imposed was "unconscionable." Appellant characterizes his sentence as a whole as one that "borders on outrageous." In his view, the sentence sends a message to other military members and the public that the military justice system is "arbitrary and draconian." In contrast, the Government argues the sentence reflects appropriate punishment for Appellant's crimes. We find the sentence appropriate.

Appellant faced a maximum sentence of a bad-conduct discharge, confinement for one year, forfeiture of two-thirds pay per month for 12 months, and reduction to the grade of E-1. Trial counsel argued that an appropriate sentence included a bad-conduct discharge, eight months' confinement, forfeitures of an unspecified amount and period, and reduction to the grade of E-1. Trial defense counsel argued that some amount of punishment was appropriate and

proposed 20 days' confinement, 15 days' hard labor without confinement, and reduction to the grade of E-2. The military judge determined an appropriate sentence was a bad-conduct discharge, five months' confinement, reduction to the grade of E-1, and a reprimand. The adjudged sentence was within the discretion of the convening authority to approve based on the PTA, and the successor to the convening authority approved the adjudged sentence.

As a threshold matter, we do not share Appellant's views that his adjudged confinement was unconscionable or that his sentence to a bad-conduct discharge and multiple months of confinement bordered on outrageous. The sentence was within the maximum available punishment given Appellant's pleas of guilty and the jurisdictional limits of a special court-martial. During trial, the military judge conducted a proper inquiry on the PTA's quantum portion with Appellant. Appellant and his trial defense counsel raised no concerns with the PTA's limits on the sentence. We observe nothing unconscionable or borderline outrageous about the lawful sentence the military judge imposed.

Appellant's involvement with marijuana was extensive and well documented in the stipulation of fact, a 27-page document including the attachments. In general, Appellant stipulated to purchasing marijuana more than 50 times and using it the majority of those times. Additionally, Appellant agreed to an interview with AFOSI then orally made false official statements where he repeatedly denied using marijuana. Appellant then signed a false written statement in which he denied smoking marijuana. Appellant, to his credit, made a second written statement to AFOSI—later that same day—admitting that he smoked marijuana and that he did so with A1C JJ.

The Government presented no witnesses during sentencing. The military judge admitted a personal data sheet and an enlisted performance report as prosecution exhibits in sentencing. The stipulation of fact contained evidence in aggravation and Appellant agreed the military judge could use the stipulation in deciding an appropriate sentence.

Appellant's sentencing case included eight character letters from commissioned and noncommissioned officers who worked with Appellant. The character letters describe Appellant's positive duty performance and military bearing, his excellent or outstanding rehabilitative potential, his volunteer work, and his remorse for committing the offenses. Appellant also made oral and written unsworn statements. He acknowledged that "things snowballed out of control" and that he "spent a lot of money trying to self-medicate" for anxiety and family problems. In hindsight, Appellant stated that he should have "sought out traditional medicine."

We considered the particular circumstances of Appellant's case, including his extensive involvement with marijuana and his false official statements to

AFOSI. We acknowledge the Defense presented important and favorable evidence in extenuation and mitigation. We have fully considered that evidence and determined that it does not render the sentence inappropriately severe. After giving individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial, we conclude that the sentence is not inappropriately severe. *See Sauk*, 74 M.J. at 606.

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d).[4] Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[4] We note that the modified EoJ includes an unsigned memorandum from the staff judge advocate detailing criminal indexing requirements that resulted from Appellant's convictions. The parties did not identify this irregularity and Appellant has not claimed prejudice. We do not have authority under Article 66, UCMJ, to direct this unsigned memorandum be corrected to include a signature. *See United States v. Lepore*, ___ M.J. ___, No. ACM S32537 (f rev), 2021 CCA LEXIS 466, at *11 (A.F. Ct. Crim. App. 16 Sep. 2021) (en banc) (holding that our court lacked the authority to direct correction of a court-martial order's 18 U.S.C. § 922(g) firearms prohibition annotation). However, we note this matter because R.C.M. 1111(c) permits The Judge Advocate General to modify an EoJ in the performance of his duties and responsibilities.