# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40058**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Mitchell L. COX**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 January 2022

————————————

*Military Judge*: Charles E. Wiedie, Jr.

*Sentence:* Sentence adjudged 17 November 2020 by GCM convened at Ramstein Air Base, Germany. Sentence entered by military judge on 22 January 2021: Dishonorable discharge, confinement for three years, reduction to E-1, and a reprimand.

*For Appellant:* Major Megan E. Hoffman, USAF.

*For Appellee*: Lieutenant Colonel Matthew J. Neil, USAF; Major Morgan R. Christie, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MEGINLEY, Judge:

A general court-martial comprised of a military judge convicted Appellant, contrary to his pleas, of wrongful possession of child pornography on divers

occasions, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The court-martial sentenced Appellant to a dishonorable discharge, confinement for three years, reduction to the grade of E-1, and a reprimand. The convening authority approved Appellant's sentence in its entirety.

Appellant personally raises two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether he suffered cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution[2] and Article 55, UCMJ, 10 U.S.C. § 855, when he was allegedly denied proper medical treatment, and (2) whether his sentence is inappropriately severe. We have carefully considered his first issue and find it does not warrant further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).[3] Finding no error that materially prejudiced Appellant's substantial rights, and following this court's Article 66(d), UCMJ, 10 U.S.C. § 866(d), mandate to affirm only so much of the findings and the sentence as we find, on the basis of the entire record, should be approved, we affirm the findings and the sentence.

## I. BACKGROUND

Appellant entered active duty service in March 2015 and was stationed at Ramstein Air Base, Germany, at the time of his charged offense. In September 2016, Appellant created a "Dropbox" account, which is a cloud-based storage account where users can upload, store, and share files. Appellant created this account with his own email address and used his own name.

In August 2017, Dropbox flagged known files of child pornography associated with Appellant's account and locked the account. Dropbox then provided the information to the National Center for Missing and Exploited Children

---

[1] All references in this opinion to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). The charges and specifications were referred to trial after 1 January 2019; accordingly, all other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). *See* Exec. Order 13,825, §§ 3, 5, 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018). The military judge found Appellant guilty of possession of child pornography, but, by exceptions, not guilty of intent to distribute it. Appellant was acquitted of two other specifications of knowingly and wrongfully possessing child pornography on his cell phones.

[2] U.S. CONST. amend. VIII.

[3] Appellant has not met criteria as articulated in *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006).

(NCMEC). Once it was determined that the Internet Protocol address was registered in Germany, NCMEC sent the case to the German federal police, who in turn contacted the service provider to identify who the account belonged to; it was later determined that the Dropbox account belonged to Appellant. Because Appellant was a servicemember, the case was then transferred to the Air Force Office of Special Investigations. Forensic analysis of Appellant's Dropbox files revealed the possession of child pornography.[4]

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to determine sentence appropriateness, "which reflects the unique history and attributes of the military justice system, includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

Appellant believes his sentence is inappropriately severe given his age at the time he committed his crime, the fact that the number of files he possessed "are on the lower end"—in that he was convicted of possessing only "tens, not [ ] thousands" of files—and that his military record and history "showed he was not a danger to himself or others." After conducting a review of the entire record, we find that the sentence is appropriate. In reaching this conclusion, we considered Appellant's unsworn statement, his enlisted performance report, and matters in clemency. We also considered the facts of Appellant's offense and all other properly admitted matters. Appellant was 21 years old when he possessed 77 files of child pornography in his Dropbox account. Some of these

---

[4] The military judge advised the parties that he did find some of the images admitted into evidence did not "meet the legal definition of child pornography as outlined in the [Manual for Courts-Martial]," and in making his findings, created an appellate exhibit which listed 77 files of child pornography which formed the basis for his finding of guilty. *See* R.C.M. 918(b).

videos and images of the sexual assault of children are exceptionally graphic and disturbing. Also, by storing these files with an online service provider, Appellant made these files available—at the very least—to that service provider, thereby creating the risk that the videos and images could be further distributed. Such proliferation could only serve to exacerbate the exploitation of the minors featured in those files. At trial, Appellant faced a maximum sentence that included confinement for ten years and a dishonorable discharge. Trial counsel, in part, recommended confinement for seven years and a dishonorable discharge. The military judge adjudged a sentence that included three years of confinement and a dishonorable discharge—less than a third of the maximum term of confinement. We find Appellant's approved sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

4