# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32663**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon E. SMITH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 January 2022

————————————

*Military Judge:* Jennifer E. Powell.

*Sentence:* Sentence adjudged on 23 July 2020 by SpCM convened at Fairchild Air Force Base, Washington. Sentence entered by military judge on 8 August 2020: Bad-conduct discharge, confinement for 2 months, reduction to E-1, and a reprimand.

*For Appellant:* Major Jenna M. Arroyo, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before KEY, MEGINLEY, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge KEY and Judge MEGINLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GOODWIN, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and four specifications of wrongful use of controlled substances, all in violation of

Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The specifications involved offenses Appellant committed between 1 May 2019 and 10 August 2019. The military judge sentenced Appellant to a bad-conduct discharge; confinement for two months for each specification, running concurrently to one another; reduction to the grade of E-1, and a reprimand.[2] The convening authority took no action on the findings and sentence, and provided language for the adjudged reprimand. The military judge signed an entry of judgment reflecting the adjudged findings and sentence, including the reprimand language.

Appellant's first assignment of error alleges the convening authority failed to unambiguously direct trial counsel to dismiss with prejudice the originally preferred Specification 4 of the Charge, thereby failing to comply with a material term of the plea agreement.[3] Appellant's second assignment of error, raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), alleges his sentence is inappropriately severe.

Finding no error materially prejudicial to Appellant's substantial rights and following this court's Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1), mandate to approve only so much of the sentence as we find, on the basis of the entire record, should be approved, we affirm the findings and sentence.

## I. BACKGROUND

Between on or about 1 May 2019 and on or about 10 August 2019, Appellant used three Schedule I controlled substances—3,4-methylenedioxymethamphetamine (MDMA, also known as "ecstasy"), psilocybin, and lysergic acid diethylamide (LSD)—as well as one Schedule II controlled substance—Adderall. Appellant used these substances with other Airmen stationed at Fairchild Air Force Base, Washington. During sentencing, the Government presented no other evidence than the stipulation of fact and Appellant's personal data sheet. Appellant introduced mitigation evidence, including multiple good character

---

[1] Unless otherwise noted, references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The plea agreement provided, in part, that Appellant would serve a minimum of zero days confinement and 150 days maximum confinement for each specification, with the terms of confinement to run concurrently, consecutively, or a combination of both, as determined by the military judge. There were no other limitations on the sentence.

[3] The originally preferred Specification 4 involved an alleged violation of Article 112a, UCMJ, for wrongful possession of a controlled substance with intent to distribute.

letters, a photograph presentation, a photograph of the coin presented to Appellant by his group commander, testimony from Appellant's parents, and Appellant's unsworn statement.

## II. DISCUSSION

### A. Dismissal with Prejudice

#### 1. Additional Background

On 24 June 2020, Appellant's squadron commander preferred one charge and five specifications in violation of Article 112a, UCMJ. According to Appellant's 30 June 2020 plea agreement, the convening authority agreed to refer Specifications 1, 2, 3, and 5 of the Charge to special court-martial, "dismiss with prejudice" Specification 4, and "direct trial counsel to renumber Specification 5 as Specification 4." In exchange, Appellant agreed to plead guilty to Specifications 1, 2, 3, and 4 of the Charge. That same day, the convening authority stated in his first indorsement to the special order that he was directing Specifications 1, 2, 3 and 5 of the Charge be referred to trial, that Specification 4 was dismissed, and that trial counsel was to renumber the remaining specifications. Also that same day, trial counsel lined through originally preferred Specification 4 and wrote "Dismissed on 30 June 2020," and then placed his initials next to it. Trial counsel then renumbered originally preferred Specification 5 as Specification 4, and dated it that same day and placed his initials next to this change.

During the court-martial on 23 July 2020, the military judge reviewed the plea agreement, including the convening authority's agreement to dismiss originally preferred Specification 4 with prejudice. The military judge also clarified with trial counsel that the convening authority had directed dismissal of originally preferred Specification 4 with prejudice. The Statement of Trial Results, convening authority's Decision on Action memorandum, and entry of judgment (EoJ) only reflect the four referred specifications and do not mention the dismissed specification.

Appellant argues the convening authority failed to unambiguously dismiss originally preferred Specification 4 with prejudice as required by the plea agreement. Appellant requests we take corrective action by dismissing with prejudice originally preferred Specification 4 of the Charge. The Government agrees corrective action is required and similarly urges us to dismiss originally preferred Specification 4 with prejudice. We disagree with both parties, however.

### 2. Law

"When an appellant contends that the [G]overnment has not complied with a term of the [plea agreement], the issue of noncompliance is a mixed question of fact and law." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)). Appellant has the burden to establish both materiality and non-compliance. *Lundy*, 63 M.J. at 302. "In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Smead*, 68 M.J. at 59 (citation omitted).

The Courts of Criminal Appeals "may act only with respect to the findings and sentence as entered into the record" as part of the EoJ. Article 66(d)(1), UCMJ.

### 3. Analysis

The plain language of the plea agreement required the convening authority to dismiss, with prejudice, originally preferred Specification 4 of the Charge and order the renumbering of Specification 5 as Specification 4. A plain reading of the trial transcript confirms the parties' understanding of, and agreement to, this requirement. On appeal, the Government agrees with Appellant's assertion that this court should dismiss originally preferred Specification 4 with prejudice in order to remedy the purported failure of the Government to do so during the processing of Appellant's court-martial. Appellant notes in his brief that this exact remedy has been used by the United States Court of Appeals for the Armed Forces "in the interest of judicial economy" when "conclud[ing] that such action is consistent with the intent of the convening authority even if the action was not specified in the convening authority's action." *United States v. Malacara*, 71 M.J. 380 (C.A.A.F. 2012) (mem.) (citation omitted).

During the plea agreement inquiry, the military judge discussed with Appellant whether originally preferred Specification 4 was dismissed with prejudice. Appellant agreed it was. The assistant trial counsel also agreed the convening authority directed the dismissal with prejudice. While the words "with prejudice" do not appear on the charge sheet next to "dismissal," there is little question that dismissal was intended to be "with prejudice" when the convening authority made the referral decision.

This case differs from the cases cited by Appellant in which we have resolved errors by either remanding the case for EoJ correction or by dismissing charges or specifications with prejudice in our decretal paragraph. In those cases, the charges and specifications in question had been referred to courts-martial. Here, originally preferred Specification 4 was dismissed prior to referral and was never before the court-martial. Because it was never before the

court-martial and was not entered into the record as part of the EoJ, we lack jurisdiction to make the requested correction under Article 66(d)(1), UCMJ. Therefore, we decline the invitation of the parties to take corrective action in the form of specific performance.

## B. Sentence Severity

### 1. Law

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to determine sentence appropriateness, "which reflects the unique history and attributes of the military justice system, includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

### 2. Analysis

Appellant argues that given his age at the time he committed his crimes, as well as the matters he submitted in extenuation and mitigation, his sentence is inappropriately severe. Appellant's adjudged sentence included two months of confinement for each of the four specifications to which he pleaded guilty, to run concurrently, and a bad-conduct discharge compared to the maximum punishment of 12 months of confinement and a bad conduct discharge. Consequently, we find the approved sentence of confinement was on the lighter side, significantly less than the maximum term of confinement authorized at the court-martial and the maximum sentence of confinement that Appellant negotiated under his plea agreement. Appellant's arguments are more in the nature of a request for clemency than an appeal of sentence severity. Having considered Appellant, the nature and seriousness of his admitted offenses, and all matters contained in the record of trial, to include all matters Appellant submitted in his case in extenuation, mitigation, and clemency, we conclude the approved sentence, including a bad-conduct discharge, is not inappropriately severe.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court