# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

## No. ACM 40306 (f rev)

_____

## UNITED STATES
*Appellee*

**v.**

## Branden C. HAYNES
Airman First Class (E-3), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 31 May 2024

_____

*Military Judge:* Wesley A. Braun (pre-referral judicial proceeding[1]); Matthew P. Stoffel (pretrial motions and remand); Christina M. Jimenez (arraignment); Colin P. Eichenberger (trial and post-trial corrective actions).

*Sentence:* Sentence adjudged 31 March 2022 by GCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 8 June 2022, and re-entered on 22 January 2024: Bad-conduct discharge, confinement for 4 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Nicole J. Herbers, USAF.

*For Appellee:* Colonel Zachary T. Eytalis, USAF; Lieutenant Colonel Thomas J. Alford, USAF; Major Olivia B. Hoff, USAF; Captain Kate E. Lee, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, ANNEXSTAD, and DOUGLAS, *Appellate Military Judges*.

_____

[1] Pursuant to Article 30a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 830a.

Senior Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge DOUGLAS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Senior Judge:

Appellant's case is before us for a second time. A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of willful dereliction of duty by failing to refrain from committing sexual harassment, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[2,3] The adjudged sentence was a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant requested reduction in confinement of two months in clemency, but the convening authority took no action on the sentence.

Upon initial review, Appellant raised two issues, which we have reworded: (1) whether his sentence is inappropriately severe; and (2) whether he is entitled to relief because he was not served timely a copy of the victims' submission of matters pursuant to Rules for Courts-Martial (R.C.M.) 1106A, and consequently, was not provided an opportunity to rebut those matters prior to the convening authority's decision on action. *United States v. Haynes,* No. ACM 40306, 2023 LEXIS 361, at *2 (A.F. Ct. Crim. App. 30 Aug. 2023) (unpub. op.). In our 30 August 2023 opinion, we remanded the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, specifically to allow Appellant the opportunity to rebut the victim matters prior to the convening authority taking action on his case. *Id.* This court also deferred consideration of issue (1) until his case was redocketed with this court. *Id.* at *2, *9.

---

[2] Unless otherwise noted, all references in this opinion to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Pursuant to the plea agreement, the remainder of the charges and specifications were withdrawn and dismissed with prejudice, including two specifications of sexual assault (Charge I), one specification of stalking (Charge II), one specification of indecent conduct (Charge III), and one specification of assault consummated by a battery (Additional Charge), in violation of Articles 120, 130, 134, and 128, UCMJ, 10 U.S.C. §§ 920, 930, 934, 928, respectively.

On remand, new post-trial processing was completed. On 30 November 2023, the convening authority again took no action on the findings or sentence, and the judgment was reentered by the military judge on 22 January 2024. Subsequently, Appellant's case was redocketed with this court on 12 February 2024. On 5 March 2024, Appellant filed a new brief with this court and raised one additional issue, which we have reworded: (3) whether, in the absence of a due process violation, relief is warranted for excessive post-trial delay under Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2).

Regarding issue (2), we find that the military judge has complied with our previous opinion, and that new post-trial processing has been completed, where Appellant was provided with an opportunity to rebut the victim matters prior to the convening authority taking action on his case. We agree with the parties that issue (2) has been resolved.

However, during this court's latest review, we discovered that the record of trial was incomplete, in that it was missing, *inter alia,* all three attachments to Appellant's most recent clemency request, dated 11 November 2023. On 1 May 2024, we ordered the Government to show cause why this case should not be remanded a second time to address the omissions from the record. On 14 May 2024, the Government filed its response and a separate motion to attach the documents missing from the record. On 22 May 2024, we granted the Government's unopposed request to attach the documents and subsequently have been able to complete our Article 66, UCMJ, review of Appellant's court-martial.

Concerning issue (3), we have carefully considered whether relief for excessive post-trial delay is appropriate in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 224–25 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay¸* 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not. We now turn our attention to Appellant's remaining issue.

## I. BACKGROUND

Appellant pleaded guilty, pursuant to a plea agreement, to two specifications of willful dereliction of duty for failing to refrain from sexually harassing SM and KA. Most of the details concerning the specifications come from Appellant's guilty plea inquiry and from the stipulation of fact that was admitted as Prosecution Exhibit 1.

### A. Sexual Harassment of SM

Appellant and SM worked in the same squadron at Nellis Air Force Base (AFB). They were not friends and did not know each other on a personal level. While in the work center, Appellant initiated a sexually charged conversation

with SM and asked her about her sexual preferences, including whether she was interested in women. Appellant also inquired if he could have sex with SM and her husband. Without any prompt or request, Appellant showed SM sexually explicit videos of himself engaging in sexual acts with other women. This interaction was captured on a security camera which showed SM turning her attention away from Appellant after a few seconds. On a separate occasion, Appellant directed SM to unlock his phone, and when she did, the phone showed sexually explicit pictures of Appellant's erect penis and videos of him engaging in sexual acts with women. Appellant agreed that SM at no point asked or consented to be shown these pictures or videos.

## B. Sexual Harassment of KA

Appellant met KA at the First Term Airman's Center at Nellis AFB. On 14 April 2019, they had dinner together, during which KA informed Appellant that she was not interested in an exclusive relationship with him because of her ongoing divorce. Subsequently, Appellant and KA began a non-exclusive sexual relationship that lasted approximately two months. After KA ended the relationship, Appellant continued to pursue KA. He became fixated on seeing KA and repeatedly went to her apartment without an invitation. During these attempts to see her, KA either ignored Appellant knocking on her door for over an hour, or confronted Appellant, telling him to leave and to stop coming to her apartment. On one of those occasions, KA could not get Appellant to leave until she threatened to call the police. In addition to going to KA's residence, Appellant admitted that he made numerous unwanted sexual and romantic advances towards KA, which included repeatedly calling her, leaving sexually charged voicemails, and placing a gift for her in front of her apartment. Appellant also solicited information concerning KA's personal and professional life from her friends and coworkers. Appellant acknowledged that his actions made KA very uncomfortable and caused her to become fearful of her surroundings.

## C. Pre-Sentencing

During pre-sentencing, the Government offered no evidence in aggravation. Appellant offered eight character letters that generally described Appellant as hardworking, dependable, generous, outgoing, and trustworthy. Additionally, multiple character letters expressed that Appellant had "high rehabilitative potential." Both SM and KA provided unsworn victim statements to the court. In her unsworn statement, SM described that she felt Appellant targeted her for his own amusement and questioned whether her peers at work respected her after the way Appellant acted towards her. She also expressed to the military judge that she felt Appellant needed to be punished because he needed to learn proper boundaries and respect for others. KA expressed in her unsworn statement that because of Appellant's conduct, she stopped trusting people and could no longer feel safe at work, at home, or in her car. She also expressed

that because of Appellant's behavior she has stopped going out with friends, became reluctant to share information about herself, and has grown fearful of strangers.

As part of the plea agreement, Appellant agreed that he would receive no less than 14 days of confinement for each specification and that all confinement would run concurrently. There were no other sentence limitations in the plea agreement. The military judge sentenced Appellant to two months' confinement for sexually harassing SM, and four months' confinement for sexually harassing KA, to run concurrently with each other. Thus, the military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

## II. DISCUSSION

Appellant argues that his sentence is inappropriately severe for two reasons: (1) the sentence did not consider his rehabilitative potential, and (2) it is too severe in light of the nature of the offenses for which he was convicted, specifically, "the stigma of a punitive discharge." Appellant asks this court to reassess his sentence. We disagree with Appellant's contentions and find the sentence is not inappropriately severe.

### A. Law

We review issues of sentence appropriateness de novo. *See United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)).

Our authority to review a case for sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to, considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted).

We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved based on the entire record. Article 66(d)(1), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk,* 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam)).

In reviewing a case for sentence appropriateness, we "must consider the appropriateness of each segment of a segmented sentence and the appropriateness of the sentence as a whole." *United States v. Flores*, __ M.J. __, No. ACM 40294, 2024 CAAF LEXIS 162, at *1 (C.A.A.F. 14 Mar. 2024).

Although we have discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

**B. Analysis**

After considering this particular Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial, including all of the matters offered by Appellant in extenuation and mitigation and Appellant's rehabilitative potential, we find Appellant's approved sentence consisting of a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1 is not inappropriately severe.

Here, the circumstances surrounding the offenses of which Appellant was convicted are aggravating. Appellant disregarded Air Force regulations and victimized two fellow Air Force servicemembers. During his interactions with SM, Appellant made a conscious decision to degrade SM at work by showing her multiple sexually explicit images and videos of himself and asking if he could engage in sexual acts with her and her husband. We are confident that this was not a situation where mixed signals were sent and received because the record clearly demonstrates that Appellant had no relationship with SM outside of the workplace. Crucially, SM did not solicit or consent to view any of the graphic content shown to her by Appellant. KA, who had a prior relationship with Appellant, was on a receiving end of some of his most disturbing behavior. Appellant's actions following the end of their short-term non-exclusive relationship caused her to fear for her safety at work, at home, and in her car. After their relationship ended, Appellant refused to accept the breakup and instead chose to repeatedly go to KA's residence uninvited, to call her incessantly, and to leave her multiple sexually charged voicemails. Appellant even went so far as to ask KA's friends and coworkers about her personal life. Taken together, Appellant's actions are disturbing in that his response to KA ending their relationship was to invade every aspect of her life.

In conclusion, after careful consideration to the appropriateness of each segment of a segmented sentence and the appropriateness of the sentence as a whole, we find Appellant's sentence was not inappropriately severe, and that Appellant is not entitled to sentence relief.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and we find no error materially prejudicial to the substantial rights of Appellant. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court