UNITED STATES, Appellee,

v.

Alan L. NOBLE, Staff Sergeant, U.S. Marine Corps, Appellant.

No. 98–0569.

Crim.App. No. 95–0215.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 15, 1998.

Decided May 12, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Lieutenant Dale O. Harris,* JAGC, USNR (argued).

For Appellee: *Major Clark R. Fleming,* USMC (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* JAGC, USN (on brief).

Judge EFFRON delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of disobeying his superior officer, adultery, and obstruction of justice (1 specification each). Consistent with his pleas, he was found guilty of making a false official statement and violating a lawful general regulation prohibiting fraternization (1 specification each). *See* Arts. 90, 92, 107, and 134, Uniform Code of Military Justice, 10 USC §§ 890, 892, 907, and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 6 months, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY CONSIDERING ALLEGED OFFENSES OF WHICH APPELLANT WAS ACQUITTED AS "GOOD AND COGENT REASONS" FOR APPELLANT'S RECEIPT OF CONFINEMENT AND A BAD–CONDUCT DISCHARGE, WHERE APPELLANT'S COACTORS WERE NEVER CHARGED OR PUNISHED.

We hold that the Court of Criminal Appeals did not err for the reasons set forth in this opinion.

I

The opinion of the Court of Criminal Appeals, 1998 WL 88146, sets forth the follow-

ing factual background with respect to the relationship between the activities of appellant and Staff Sergeant (SSgt) M:

> The appellant was a senior enlisted supervisor in a mess hall. One of his friends, staff sergeant M, was a supervisor in another mess hall on the installation. Two lower-ranking women Marine cooks, both lance corporals who worked for the appellant, became overly friendly with both staff sergeants and agreed to spend the night with them at staff sergeant M's off-base apartment. The appellant was married at the time. Neither of the women Marines was married. We are unable to determine from the information provided to us whether staff sergeant M was married at the time. During the evening, both women were given alcoholic drinks. Ultimately, the four paired off. Staff sergeant M had sexual intercourse with one of the lance corporals and the appellant had sexual intercourse with the other.[*] The four spent the entire night at staff sergeant M's apartment. About 2 days later, when this event began to come to light, both staff sergeants approached at least one of the women Marines, hoping that both women would lie to investigators. One day later, after being briefed about the possible crimes committed by his staff sergeants, the battalion commander issued a direct written order to both, requiring them to have no further contact with each other or the two lance corporals, except through counsel. Both staff sergeants subsequently violated that order. About 3 days after receiving the battalion commander's order, both staff sergeants were question [sic] by criminal investigators and made false official statements.

Unpub. op. at 10. The court also provided the following description of the manner in which the command disposed of the allegations concerning SSgt M:

> No adverse action was taken against staff sergeant M for his role in these events. When the incident occurred, staff sergeant M had already taken advantage of a special early-separation program and was being processed for an honorable discharge. Even though the battalion commander had evidence indicating that staff sergeant M had committed the crimes of fraternization, disobeying his direct order, and obstruction of justice, he nevertheless elected not to charge him but instead to allow staff sergeant M to separate with an honorable discharge.

*Id.*

Appellant did not allege at trial that he was the victim of discriminatory prosecution or that it was unlawful to refer the charges against him to a court-martial in light of the administrative separation of SSgt M; nor does he contend on appeal that the proceedings were unlawful. Appellant's concern is limited to the question of whether the decision of the court below—that appellant's sentence should be approved under Article 66(c), UCMJ, 10 USC § 866(c) (1994)—constituted an abuse of discretion or a miscarriage of justice.

## II

We recently took note of the unique and highly discretionary sentence review function of the Courts of Criminal Appeals in *United States v. Lacy,* 50 MJ 286 (1999). We emphasized that neither Article 66(c) nor our precedents requires "those tribunals to engage in sentence comparison with specific cases 'except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.' " *Id.* at 288 (quoting *United States v. Ballard,* 20 MJ 282, 283 (CMA 1985)).

The present case is not one of those "rare instances" involving "disparate sentences adjudged in closely related cases." SSgt M was not tried, convicted, or sentenced. There is no court-martial record of findings and sentence that can be compared, which

---

* In a footnote, the Court added: "The appellant was charged with but acquitted of raping and sodomizing the woman."

means that the issue of sentence uniformity is not present in this case.

The issue here involves differences in initial disposition rather than sentence uniformity. Given the broad and highly discretionary authority of the Courts of Criminal Appeals on the issue of sentence appropriateness, an appellant may bring to the attention of those courts other cases with differing disposition decisions. That type of information, when it does not raise the legal issue of a discriminatory or otherwise illegal prosecution or referral, is subject to such consideration as the experienced and mature judges of those courts deem appropriate.

In the present case, the court below reviewed both the allegations against SSgt M and the charges against appellant and noted that appellant also was charged with the more serious offenses of rape and sodomy. We do not agree with appellant's suggestion that the court below cited those charges, of which appellant was acquitted, for the purpose of justifying his confinement and punitive discharge; rather, the court appropriately cited those charges for the purpose of describing the basis for the command's decision to dispose of appellant's case by court-martial while permitting an administrative discharge of SSgt M. The court's reliance on the factors that led to differing disposition decisions did not constitute an abuse of discretion or miscarriage of justice.

III

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.