IN THE CASE OF


UNITED STATES, Appellee

v.

Galen E. SOTHEN, Jr., Aviation Ordnanceman First Class
U.S. Navy, Appellant

No. 00-0200

Crim. App. No. 98-0738

United States Court of Appeals for the Armed Forces

Argued October 12, 2000

Decided January 5, 2001

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and BAKER, JJ., joined.


<u>Counsel</u>


For Appellant:  David P. Sheldon (argued); Eugene R. Fidell and Lieutenant
Mari-Rae Sopper, JAGC, USNR (on brief).


For Appellee:  Lieutenant Commander Philip Sundel, JAGC, USNR (argued);
Colonel Kevin M. Sandkuhler, USMC (on brief).


Amicus Curiae Urging Reversal:  Lieutenant Colonel Adele H. Odegard,
Lieutenant Colonel David A. Mayfield, Major Jonathan F. Potter, and Captain
Kevin J. Mikolashek – For the United States Army Defense Appellate Division.


Military Judge:  James. D. Rockwell



<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION</u>.

United States v. Sothen, No. 00-0200/NA

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of conspiracy to commit murder, two specifications of solicitation to commit murder, and adultery, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 USC §§ 881 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to E-1. The convening authority suspended all adjudged forfeitures greater than $600 pay per month for 6 months and waived the automatic forfeiture of pay for 6 months, directing payment of all such monies via allotment to appellant's wife. The Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issues:

> WHETHER APPELLANT'S APPROVED SENTENCE TO
> CONFINEMENT CONSTITUTES AN OBVIOUS
> MISCARRIAGE OF JUSTICE OR AN ABUSE OF
> DISCRETION BECAUSE HIS SENTENCE OF 25 YEARS
> WAS MORE THAN EIGHT TIMES GREATER THAN HIS
> CO-DEFENDANT'S SENTENCE OF 3 YEARS.
>
> WHETHER THE GOVERNMENT FAILED TO MEET ITS
> BURDEN TO PROVE A RATIONAL BASIS FOR THE
> HIGHLY DISPARATE SENTENCES GIVEN TO
> APPELLANT AND HIS CO-DEFENDANT.
>
> WHETHER, IN PERFORMING ITS SENTENCE
> APPROPRIATENESS ANALYSIS GIVEN TWO "CLOSELY
> RELATED CASES," THE COURT OF CRIMINAL
> APPEALS ERRED IN DISREGARDING THE SENTENCE
> OF A CIVILIAN CO-DEFENDANT BECAUSE THE

2

MILITARY AND CIVILIAN SYSTEMS HAVE DIFFERING
APPROACHES TO SENTENCING PRINCIPLES AND THE
ADMINISTRATION OF PUNISHMENT.

For the reasons set forth below, we affirm the decision of the Court of Criminal Appeals.


## I. Background


Appellant, who enlisted in the Navy in 1978, was married in 1979 and remained married to his wife Judy during his military service through the events pertinent to this appeal.  In 1995, they purchased a house in her hometown of Knoxville, Tennessee.  When appellant received orders to the Naval Support Activity, Memphis, his wife and their son remained in Knoxville while he lived approximately 200 miles away in Memphis.  Appellant anticipated retiring and returning to Knoxville upon completion of his assignment at Memphis.

In 1996, appellant entered into an intimate relationship with Ms. Marney Steen while in Memphis.  As the relationship deepened, appellant and Steen took steps to terminate appellant's marriage by arranging for the murder of appellant's wife.  Appellant, in Ms. Steen's presence, asked James Warthen to commit the murder.  Warthen declined, but said that he knew of a person, Baxter Holland, who would do so.  Warthen arranged for appellant and Steen to meet with Holland, who, unbeknownst

to them, was an informant for the Shelby County Police Department.  These arrangements resulted in a series of meetings involving appellant, Steen, and Holland, at which Holland wore a hidden recording device.  At these meetings, appellant and Steen engaged in various conversations about the proposed murder, which resulted in the arrest of both appellant and Steen. Steen pled guilty in Tennessee state court proceedings to one count of solicitation to commit murder, which resulted in a sentence to 3 years'confinement and a $500 fine.  As noted above, appellant's sentence included confinement for 25 years, total forfeitures, reduction to E-1, and a dishonorable discharge.

II.  Review of Sentences by the Courts of Criminal Appeals

Article 66(c) of the UCMJ, 10 USC § 866, provides the Courts of Criminal Appeals with broad discretion to determine whether a sentence "should be approved," a power that has no direct parallel in the federal civilian sector.  See United States v. Lacy, 50 MJ 286, 287-88 (1999).  The power to review a case for sentence appropriateness, which reflects the unique history and attributes of the military justice system, includes but is not limited to considerations of uniformity and

evenhandedness of sentencing decisions.  See id.; see also United States v. Boone, 49 MJ 187, 191-92 (1998).

The Courts of Criminal Appeals are required to engage in sentence comparison only "in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases."  United States v. Ballard, 20 MJ 282, 283 (CMA 1985)(quoting lower court's unpublished opinion).  An appellant who asks the Court of Criminal Appeals to engage in sentence comparison bears the burden of demonstrating that any cited cases are "closely related" to the appellant's case, and that the sentences are "highly disparate."  Lacy, supra at 288.  If the appellant meets that burden, or if the court raises the issue on its own motion, the burden shifts to the Government to show a rational basis for the disparity.  Id.

Our review of decisions by the Courts of Criminal Appeals on issues of sentence appropriateness is limited to the narrow question of whether there has been an "obvious miscarriage[]of justice or abuse[]of discretion."  Id., quoting United States v. Dukes, 5 MJ 71, 73 (CMA 1978).

III.  Sentence Comparison by the Court of Criminal Appeals

The Court of Criminal Appeals concluded that appellant's case was "closely related" to that of his civilian co-actor, Ms. Steen.  The court also found the respective sentences to be highly disparate.  The court concluded, however, that there were "many good and cogent reasons in the record of trial that explain the disparity between the two sentences awarded." Unpub. op. at 6.  The court cited the following reasons:  (1) the parties were tried by two different sovereigns; (2) while it is appropriate to consider closely related civilian cases, sentence comparison between civilian and military cases is less persuasive than comparison among courts-martial in light of the differences between civilian and military approaches to sentencing and punishment; (3) appellant was convicted of multiple serious offenses, while his co-actor was convicted only of a single count of solicitation; (4) the charges against appellant were contested, while the conviction of the civilian co-actor was based on a voluntary, negotiated plea of guilty; and (5) the sentence of appellant's co-actor reflected the fact that she had agreed to assist the prosecution by testifying against appellant.

Appellant contends that the lower court abused its discretion in affirming his sentence without "cogent reasons." Appellant takes the position that the reasons articulated by the court below do not justify the significant disparity in the sentences, that the court placed too much emphasis on Ms. Steen's guilty plea, and that the court did not give sufficient weight to her culpability or to appellant's record of service. The Government, on the other hand, contends that any deficiency in sentence comparison is immaterial because, in the Government's view, it is not permissible for the Courts of Criminal Appeals to compare military and civilian sentences.

With respect to the Government's argument, we note that there is nothing in the plain language of Article 66, in its legislative history, or in our case law that would preclude the Courts of Criminal Appeals from engaging in sentence comparison when there is a closely related case (e.g., a civilian co-actor) with a highly disparate sentence. To the extent that Article 66's legislative history and much of our case law discuss sentence uniformity within the military justice system, this simply reflects the fact that most closely related cases involve military relationships. It does not preclude consideration of cases involving military and civilian co-actors. With respect to appellant's argument, we note that all of the factors cited by appellant involve pertinent considerations on the question of

sentence appropriateness, but they do not demonstrate that the decision of the court below constituted an abuse of discretion or an obvious miscarriage of justice.  See Lacy, supra.

The considerations articulated by the court below provide a legally sufficient justification for the disparity between the two sentences.  The court properly considered the treatment of appellant's co-actor under the civilian justice system, and noted a number of variances that could have reasonably accounted for the differential sentences.  These factors, specifically enumerated by the court, meet the rational basis standard set forth in Lacy.


## IV.  Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.