**UNITED STATES**

v.

**Travis L. STOTLER, Corporal (E–4), U.S. Marine Corps.**

**NMCM 200000519.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 15 June 1999.

Decided 12 July 2001.

LCDR Mary Grace McAlevy, JAGC, USNR, Appellate Defense Counsel.

LT Amanda A. St. Claire, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael C. Pallesen, JAGC, USNR, Appellate Government Counsel.

LT James E. Grimes, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, ANDERSON, Senior Judge, and FINNIE, Appellate Military Judge.

LEO, Chief Judge:

In accordance with his pleas, the appellant was convicted before a military judge sitting as a special court-martial of wrongful sale of military property and wrongful receipt of stolen property, in violation of Articles 108 and 134, Uniform Code of Military Justice, 10

U.S.C. §§ 908 and 934. He was awarded a bad-conduct discharge, confinement for 4 months, forfeiture of $500 pay per month for 4 months, and reduction to pay grade E–1. The convening authority approved the sentence and, pursuant to the pretrial agreement, suspended all confinement in excess of 60 days for a period of 12 months from the date of trial.

We have examined the record of trial, the three assignments of error, and the Government's response. The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## I.

The appellant contends that the Specification under Additional Charge I of wrongfully selling military property fails to state an offense under Article 108, UCMJ, 10 U.S.C. § 908, because it does not allege that the sale was "without proper authority." We disagree.

■■■ The fact that the sale was "without proper authority" is a necessary element of an offense under Article 108, UCMJ, and should have been alleged in the specification. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 32b(1). However, when an accused pleads guilty knowingly and voluntarily to the offense and challenges the specification for the first time on appeal, the adequacy of the specification "is viewed with greater tolerance than one which was attacked before findings and sentence." *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A.1986). In other words, "the essential elements of a crime need not be expressly alleged so long as they may be found by reasonable construction of other language in the challenged specification." *United States v. Brecheen*, 27 M.J. 67, 68 (C.M.A.1988). "The key to sufficiency is whether the specification ... excludes all hypotheses of innocence." *United States v. Wrenn*, 36 M.J. 1188, 1190 (N.M.C.M.R.1993).

■■ In this case, the Specification under Additional Charge I of the charge sheet read as follows:

In that Corporal Travis L. Stotler, U.S. Marine Corps, 9th Engineer Support Battalion, 3d Force Service Support Group, on active duty, did, at Okinawa, Japan, during August 1998, sell to Naval Criminal Investigative Service Cooperating Witness FECH–0007, 25 rounds of 9mm ammunition, of a value of more than $100.00, military property of the United States Government.

The appellant pled guilty by exceptions and substitutions to the charge, excepting the words "of a value of more than $100.00" and substituting the words, "of some value." Record at 13. All of the elements for the offense were correctly explained to the appellant during the providence inquiry, and he readily admitted that his sale of the military property was without proper authority. Record at 22, 30. The fact that the appellant is alleged to have sold the ammunition to a government informant identified as "Naval Criminal Investigative Service Cooperating Witness FECH 0007" strongly implies, without more, that this activity did not involve an authorized sale of military property. Conversely, there is no reasonable hypothesis of innocence arising from the sale of military ammunition to a government informant. Accordingly, we find that the specification is not so "obviously defective" that it cannot be reasonably construed to state an offense. *Watkins*, 21 M.J. at 210 (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965)).

## II.

The appellant next contends that an unsuspended bad-conduct discharge is inappropriately severe because the appellant's accomplice was the instigator and, yet, was not prosecuted for his role in the wrongful taking and selling of military property. We disagree.

■■■ Sentence appropriateness involves the " 'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.' " *United States v.*

*Snelling,* 14 M.J. 267, 268 (C.M.A.1982)(quoting *United States v. Mamaluy,* 10 C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81, 1959 WL 3587 (1959)). Sentence comparison is appropriate only in those rare instances of highly disparate sentences in closely related cases. *United States v. Lacy,* 50 M.J. 286, 288 (1999); *United States v. Olinger,* 12 M.J. 458, 460 (C.M.A.1982). To be closely related, "the cases must involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design." *United States v. Kelly,* 40 M.J. 558, 570 (N.M.C.M.R. 1994). A disparity between the sentences in closely related cases will warrant relief from this court only when it is so great as to exceed relative uniformity, or when it rises to the level of an obvious miscarriage of justice or abuse of discretion. *United States v. Swan,* 43 M.J. 788, 792 (N.M.Ct.Crim.App. 1995). The burden is upon the appellant to make such a showing. *Lacy,* 50 M.J. at 288. If he is able to do so, the Government must then establish a rational basis for the wide disparity. *Id.*

▪ The appellant bases his claim on the fact that Corporal Grant, the accomplice who supposedly stole the ammunition and participated in its sale to a confidential informant of the Naval Criminal Investigative Service [NCIS], was never charged and prosecuted for his role in the August 1998 offenses. When the command decision was finally made in January 1999 to go forward on these offenses, Grant had already transferred from Okinawa, where the offenses occurred, back to the United States for discharge at the expiration of his enlistment. NCIS Special Agent Greffen was advised on 27 January 1999 that, due to Grant's imminent discharge on 31 January 1999, and "the relatively minor nature of the crime involved," the command would not pursue Grant's return to Okinawa or request that he be placed on legal hold by his current command for prosecution. Government's Motion to Attach of 16 April 2001 (NCIS Report Control # 20Aug98–FECH–0066–6RMI, Exhibit 8). Subsequently, charges against the appellant were preferred on 30 April 1999 and referred to court-mar-

tial on 3 May 1999. Additional charges were later referred on 27 May 1999.

Since Corporal Grant was never convicted and sentenced at a court-martial, the issue before us involves differences in initial disposition rather than sentence uniformity. Nevertheless, given the broad power of this court under Article 66(c), UCMJ, to affirm only a sentence that we determine on the basis of the entire record should be approved, an appellant may bring to our attention other cases with differing disposition decisions. *United States v. Noble,* 50 M.J. 293, 295 (1999).

In reviewing the forum selection in this case, we note that the appellant and Corporal Grant were involved in a common scheme or plan to take and sell, without lawful authority, a small quantity of military ammunition. Clearly, a disparity exists with respect to the action taken by the Government towards each of these Marines. Moreover, the Government has not provided good or cogent reasons for proceeding against one and not the other.

Nonetheless, absent evidence of "discriminatory or otherwise illegal prosecution or referral," we have broad discretion in deciding whether or not to remedy this disparity. *Id.* We decline to do so in this case. Our reasoning is grounded, in part, on the following observation in an earlier decision of this court concerning an even more egregious example of disparate disposition:

> Ordinarily, leniency towards one accused does not necessarily flow to another, nor should it. Disparity that results from a convening authority's inexperience or even bad judgment does not necessarily entitle a service person to some form of appellate relief.

*Kelly,* 40 M.J. at 570. Second, the charges here are serious enough for us to conclude that the sentence is not inappropriately severe and should be affirmed. Third, unlike the situation in *Kelly,* neither the Government's decision to pursue charges against the appellant nor its decision not to pursue charges against Corporal Grant are due to

factors seriously detracting from "the appearance of fairness and integrity in military justice proceedings." *Id.*

### III.

We have considered the remaining assignment of error and find it to be without merit.

Accordingly, we affirm the findings and sentence, as approved on review below.

Senior Judge ANDERSON and Judge FINNIE concur.