# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

**No. 201700184**

———————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**CHRISTIAN D. FLOWERS**
Corporal (E-4), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel Peter S. Rubin, USMC.
Convening Authority: Commanding Officer, 2d Radio Battalion, II
Marine Expeditionary Force, Camp Lejeune, NC.
Staff Judge Advocate's Recommendation: Major Kara J. Zummo,
USMC.
For Appellant: Captain Thomas R. Fricton, USMC.
For Appellee: Lieutenant Kurt W. Siegal, JAGC, USN; Lieutenant
Megan Marinos, JAGC, USN.

———————————————

Decided 21 November 2017

———————————————

Before GLASER-ALLEN, HUTCHISON, and SAYEGH, *Appellate Military
Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as
persuasive authority under NMCCA Rule of Practice and Procedure
18.2.**

———————————————

PER CURIAM:

At an uncontested special court-martial, a military judge convicted the
appellant of one specification each of wrongfully using, distributing, and
soliciting a fellow Marine to use lysergic acid diethylamide (LSD), in violation
of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§§ 912a and 934. The military judge sentenced the appellant to a bad-conduct discharge, four months' confinement, and reduction to the pay grade of E-1. The convening authority (CA) approved the sentence as adjudged.

In his sole assignment of error, the appellant contends that his adjudged sentence greatly exaggerates his criminality and was highly disparate from the sentence of his co-conspirator.[1] After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

In May 2016, Lance Corporal (LCpl) AC drove the appellant to the post office, where the appellant picked up a package containing LSD. They returned to LCpl AC's barracks room where the appellant ingested LSD and distributed "two tablets" of LSD to LCpl AC.[2] Earlier in the day, through a series of text messages, the appellant had solicited Corporal (Cpl) DL to use LSD.

During presentencing, the appellant presented, as mitigation evidence, a pretrial agreement between LCpl AC and the government. In the agreement, LCpl AC agreed to plead guilty at summary court-martial to attempted use of a controlled substance and disorderly conduct—violations of Article 80 and 134, UCMJ, 10 U.S.C. §§ 880 and 934, respectively—and, if granted "testimonial immunity . . . to testify truthfully if called as a witness" in the appellant's court-martial.[3]

## II. DISCUSSION

The appellant's argument is twofold. First, he asserts his sentence is "inappropriately severe" and does not take into account that he was a "strong performer and successful Marine" that "showed promise in his field" and rehabilitative potential."[4] Second, the appellant avers his sentence is highly disparate with LCpl AC's sentence. We disagree.

### A. Sentence severity

We review sentence appropriateness *de novo*. *United States v. Lane,* 64 M.J. 1, 2 (C.A.A.F. 2006). This court "may affirm only . . . the sentence or

---

[1] This assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Record at 25, 28.

[3] Defense Exhibit E at 3.

[4] Appellant's Brief of 14 Aug 2017 at 6.

such part or amount of the sentence, as it . . . determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. "Sentence appropriateness involves the judicial function of assuring justice is done and that the accused gets the punishment he deserves." *United States v. Healy,* 26 M.J. 395, 395 (C.M.A. 1988). Assessing sentence appropriateness requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Despite our significant discretion in reviewing the appropriateness and severity of an adjudged sentence, we cannot engage in acts of clemency. *United States v. Nerad,* 69 M.J. 138, 146 (C.A.A.F. 2010).

The appellant used, distributed, and solicited another Marine to use LSD onboard a Marine Corps installation. The maximum punishment authorized for his offenses exceeds the jurisdictional maximum of a special court-martial. Yet, the appellant was sentenced to only four months' confinement—two months less than he negotiated for in a pretrial agreement.[5]

Having given individualized consideration to the appellant, the nature and seriousness of his offenses, his character, record of service, and all other matters contained in the record of trial, we find that the adjudged sentence is not inappropriately severe.

**B. Sentence disparity**

An appellant seeking relief for a disparately severe sentence "bears the burden of demonstrating that any cited cases are closely-related to his or her case and that the sentences are highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (internal quotation marks omitted). If the appellant shows both that his case is "closely related" and his sentence is "highly disparate," then the burden shifts to the government to show there is "a rational basis for the disparity." *Id.; see also, United States v. Durant*, 55 M.J. 258, 262-63 (C.A.A.F. 2001). Cases are "closely related" when they "involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design." *United States v. Kelly*, 40 M.J. 558, 570 (N.M.C.M.R. 1994). This includes "co[-]actors involved in a common crime[.]" *Lacy*, 50 M.J. at 288.

---

[5] *See* Appellate Exhibit VI at 1. Pursuant to the terms of the pretrial agreement, the CA agreed to suspend any adjudged confinement in excess of 180 days for the period of confinement adjudged plus 12 months thereafter.

The government concedes that the appellant and LCpl AC's cases are closely related—they used LSD together in LCpl AC's barracks room.[6] Assuming that the cases are closely related, we nevertheless find that the appellant has not met his burden of demonstrating that his sentence is highly disparate when compared with the sentence received by LCpl AC.

"Sentence comparison does not require sentence equation." *United States v. Durant*, 55 M.J. 258, 260 (C.A.A.F. 2001) (citations omitted). While there are differences between the disposition of the appellant's case and that of LCpl AC's, on the whole we do not consider them to be highly disparate. Rather, we recognize that "the military [justice] system must be prepared to accept some disparity in the sentencing of codefendants, provided each military accused is sentenced as an individual." *Id.* at 261 (citations omitted). LCpl AC's sentence at summary court-martial included 45 days' restriction, 45 days' hard labor without confinement, reduction to the paygrade of E-1, and forfeiture of $1,066.00 pay for one month.[7] While LCpl AC's sentence was not as severe as the appellant's, it reflects the lower level of culpability of LCpl AC. Indeed, LCpl AC was convicted of only attempted use of a controlled substance and disorderly conduct, while the appellant was convicted of three separate drug-related offenses. The appellant has failed to provide any evidence of "discriminatory or otherwise illegal prosecution or referral" which would lead us to apply our broad discretion to decide whether or not to remedy this disparity. *United States v. Noble,* 50 M.J. 293, 295 (C.A.A.F. 1999).

Even if we had found the sentences to be highly disparate, considering the facts and circumstances of each case, we would also find that a rational basis exists for any disparity in the sentences. *United States v. Sothen,* 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *Lacy,* 50 M.J. at 288). LCpl AC negotiated a pretrial agreement wherein he agreed to plead guilty to lesser charges and testify against the appellant. By contrast, the appellant was a noncommissioned officer, senior to LCpl AC, and had greater culpability in that he not only used, but distributed and solicited another Marine to use LSD. *See United States v. Quevedo,* No. 201200288, 2012 CCA LEXIS 695, at *6, unpublished op. (N-M. Ct. Crim. App. 31 Oct 2012) (finding that "a distributor [of drugs] may be punished more harshly than a closely-related possessor" (citation omitted)).

---

[6] *See* Appellee's Brief of 13 Oct 2017 at 9. ("The United States does not dispute that Appellant's and LCpl AC's cases are closely related).

[7] Staff Judge Advocate's Recommendation of 17 May 2017 at 3.

We are therefore convinced that, under the circumstances of this case, justice was done, and the appellant received the punishment he deserved. *Healy,* 26 M.J. at 395.

### III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed.


For the Court


R.H. TROIDL
Clerk of Court