*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, KISOR, and HARRELL
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Connor E. ROBBINS**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202400063**

———————————

Decided: 12 August 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Adam J. Workman

Sentence adjudged 1 November 2023 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 120 days, and a bad-conduct discharge.

For Appellant:
*Philip D. Cave*
*Lieutenant Raymond E. Bilter, JAGC, USN*

For Appellee:
*Lieutenant Commander James P. Wu Zhu, JAGC, USN*
*Captain Jacob R. Carmin, USMC*

Senior Judge HARRELL delivered the opinion of the Court, in which Chief Judge DALY and Senior Judge KISOR joined.

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

HARRELL, Senior Judge:

A military judge convicted Appellant, consistent with his pleas, of one specification of conspiracy to wrongfully appropriate military property of a value of more than $1,000.00 in violation of Article 81, Uniform Code of Military Justice (UCMJ), and one specification of negligently discharging a firearm in violation of Article 134, UCMJ.[1] Appellant asserts two assignments of error: (1) Is Appellant's sentence inappropriately severe and disparate with the disposition his co-actor received in a closely related case?; and (2) Were Appellant's trial defense counsel ineffective in failing to address Appellant's pretrial restriction during sentencing?[2] We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant, an armorer, conspired with another Marine to take military gear from their armory for personal use. Appellant, *an armorer*, then negligently discharged his personally owned handgun, shooting another Marine in the head. Appellant now complains about his court-martial sentence in relation to the nonjudicial punishment received by his co-conspirator, who did not shoot another Marine in the head. We grant no relief.

---

[1] 10 U.S.C. §§ 881, 934. The military judge acquitted Appellant, also consistent with his pleas, of one specification of wrongful appropriation in violation of Article 121, UCMJ, and one specification of negligent dereliction of duty resulting in grievous bodily harm in violation of Article 92, UCMJ.

[2] Appellant raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have thoroughly considered this issue and find it to be without merit. *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

Appellant and LCpl Bravo[3] hatched a plan to take two AN/PEQ-15, laser aiming devices, from the armory they worked at. LCpl Bravo carried out the object of their conspiracy, and then they drove to the apartment of a friend, LCpl Sierra, to tinker with their personally owned firearms. While Appellant attempted to disassemble his pistol, he pulled the trigger. Unbeknownst to him—because he did not check—a round was in the chamber, and the pistol discharged. LCpl Sierra, standing a few feet away in his apartment, was struck in the head. LCpl Sierra survived, though he lost his right eye and suffers from myriad other serious ailments.

As a result of everything from that eventful day, the Government charged Appellant with conspiracy to wrongfully appropriate military property, aiding and abetting LCpl Bravo in wrongfully appropriating the property, dereliction of duty resulting in grievous bodily harm, and negligent discharge of a firearm. He elected trial by military judge alone, and he entered mixed pleas without a plea agreement. The military judge convicted Appellant of the two offenses he pleaded guilty to (conspiracy and negligent discharge), and after a trial on the merits, during which LCpl Bravo testified, the military judge acquitted Appellant of the remainder (wrongful appropriation and negligent dereliction of duty).

For his part, LCpl Bravo initially faced the same prospect of a general court-martial. However, he agreed to accept nonjudicial punishment for the conspiracy with Appellant, burglary of the armory, larceny of the AN/PEQ-15s, as well as an unrelated larceny of other property. He also agreed to cooperate in the investigation related to Appellant and to testify truthfully at Appellant's court-martial. The convening authority in turn agreed to withdraw and dismiss the pending charges.

## II. DISCUSSION

Appellant shot another Marine in the head. LCpl Bravo did not shoot another Marine in the head. The disparate dispositions[4] of their misconduct are

---

[3] All names in this opinion, other than those of Appellant, judges, and counsel, are pseudonyms.

[4] *See United States v. Noble*, 50 M.J. 293, 294-95 (C.A.A.F. 1999) ("The present case is not one of those 'rare instances' involving 'disparate sentences adjudged in closely related cases.' SSgt M was not tried, convicted, or sentenced. There is no court-martial record of findings and sentence that can be compared, which means that the issue of sentence uniformity is not present in this case. The issue here involves differences in

justified[5] since Appellant shot another Marine in the head, and LCpl Bravo did not shoot another Marine in the head.

Even taking the disparate dispositions for their overlapping misconduct into account, we conclude that Appellant's sentence is not inappropriately severe. After conducting an "individualized consideration of the particular [appellant] on the basis of the nature and seriousness of the offense[s] and the character of the offender"[6] in our effort to "assur[e] that justice is done and that the [appellant] gets the punishment he deserves,"[7] we conclude that the adjudged sentence, both segmented and as a whole,[8] should be approved.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[9]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

initial disposition rather than sentence uniformity. Given the broad and highly discretionary authority of the Courts of Criminal Appeals on the issue of sentence appropriateness, an appellant may bring to the attention of those courts other cases with differing disposition decisions. That type of information, when it does not raise the legal issue of a discriminatory or otherwise illegal prosecution or referral, is subject to such consideration as the experienced and mature judges of those courts deem appropriate." (quoting *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999)). There is no scintilla of discriminatory or otherwise illegal prosecution or referral here.

[5] Whether "a rational basis" (*see Lacy*, 50 M.J. at 288) or "good and cogent reasons," (*see United States v. Kelly*, 40 M.J. 558, 560 (N-M.C.M.R. 1994)), we are convinced.

[6] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (cleaned up).

[7] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[8] *See United States v. Flores*, 84 M.J. 277, 278 (C.A.A.F. 2024).

[9] Articles 59 & 66, UCMJ.