*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GROSS, DALY, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Khalil R. KEARNEY**
Operations Specialist Second Class (E-5), U.S. Navy
*Appellant*

**No. 202500063**

_____

Decided: 26 March 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Rachel E. Trest (arraignment)
Kimberly J. Kelly (motions)
Adam G. Partridge (trial)

Sentence adjudged 11 October 2024 by a general court-martial tried at Naval Air Station Jacksonville, Florida consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1 and confinement for 156 months.[1]

---

[1] The Entry of Judgment [EOJ] does not reflect the dishonorable discharge that the military judge announced. Although not raised by Appellant as an error, we take action in the decretal paragraph.

For Appellant:
*Lieutenant Jesse B. Neumann, JAGC, USN*

For Appellee:
*Commander Jeremy R. Brooks, JAGC, USN*
*Captain Jacob R. Carmin, USMC*

Senior Judge GROSS delivered the opinion of the Court, in which Chief Judge DALY and Judge de GROOT joined.

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

GROSS, Senior Judge:

Appellant was charged at a general court-martial with one specification of possession of child pornography, one specification of distribution of child pornography, two specifications of rape of a child, and one specification of sexual abuse of a child, in violation of Articles 134 and 120, Uniform Code of Military Justice (UCMJ).[2] Appellant entered mixed pleas and was convicted by a military judge, pursuant to his pleas, of possessing and distributing child pornography. A panel of members with enlisted representation acquitted Appellant of the remaining charge and specifications. The military judge sentenced Appellant to confinement for 156 months, reduction in paygrade to E-1, and a dishonorable discharge.

Appellant asserts one assignment of error (AOE): that the sentence Appellant received is inappropriately severe. We find no prejudicial error and affirm.

## I. BACKGROUND

On 19 August 2020, Appellant created an account on the MEGA cloud storage service, which is a company based out of New Zealand.[3] On 27 February 2021, he maintained access to the account, which at that time contained some

---

[2] 10 U.S.C. §§ 934, 920.

[3] App. Ex. V at 2; R. at 655.

80,497 files.[4] This included a folder titled "Who Daughter is This?" that contained roughly 1,700 videos and 100 images of child pornography. Appellant was aware that the file folder contained child pornography and admitted that he had saved the images and videos to that folder.[5] On the same date, Appellant created a public link to the folder and shared that link to a MEGA group chat with about 70 or 80 other user accounts. Along with the link, Appellant sent a message to the group chat requesting more child pornography similar to what was contained in the link.[6]

On 15 March 2021, another MEGA user made a report to MEGA alleging that the link to the folder that Appellant had shared contained child pornography.[7] Sometime after that, Appellant learned that MEGA had suspended his account. On 25 March 2021, Appellant walked into the Naval Criminal Investigative Service (NCIS) Resident Agency Yokosuka, Japan, and self-reported that he possessed and distributed child pornography.[8]

In his guilty plea inquiry, Appellant told the military judge that the files he recalled seeing contained images and videos of children between the ages of 12 and 17 dancing in a sexually provocative manner, and one video of children about 12-13 years old engaging in sexual intercourse.[9] Appellant did not describe seeing any children under the age of 12 in his responses to the questions of the military judge.

At sentencing, the Government introduced a representative sample of the material contained in the MEGA folder that Appellant possessed and distributed. Naval Criminal Investigative Service Special Agent (SA) Alpha,[10] who has worked in law enforcement for over 30 years and on hundreds of cases involving child pornography, testified regarding the contents of Appellant's MEGA folder. He described the images and videos as containing severe abuse of children calling them both "heinous" and "egregious."[11] New Zealand Department of Internal Affairs Senior Investigator Foxtrot also testified without

---

[4] R. at 654.

[5] R. at 212-14.

[6] R. at 226, 228.

[7] R. at 655.

[8] App. Ex. V. at 2-3.

[9] R. at 209-10.

[10] All names other than those of Appellant, military judges, and appellate counsel are pseudonyms.

[11] R. at 650.

objection that "these types of links . . . even within the child sex offender community, are not commonly shared . . . because they're so egregious that they don't fit the sexual interests of some of those people."[12] The videos included depictions of children as young as six months old being sexually abused, and "extreme depictions of child sexual abuse, bondage, [and] torture situations."[13]

## II. DISCUSSION

**Appellant's sentence was not inappropriately severe.**

Appellant contends that his sentence is inappropriately severe because of a lack of relative uniformity to other cases, his self-report and confession, and the military judge's lack of articulated reasoning for the length of the sentence to confinement he imposed. We disagree.

### 1. Standard of Review and Law

We review sentence appropriateness de novo.[14] This Court may only affirm "the sentence or such part or amount of the sentence as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved."[15] In exercising this function, we seek to ensure that "justice is done and that the accused gets the punishment he deserves."[16] Our review requires "an individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[17] In making this assessment, we analyze the record as a whole.[18]

This Court's "power to review a case for sentence appropriateness . . . includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions."[19] We have "discretion to consider and compare" other "sentences when . . . reviewing a case for sentence appropriateness and relative

---

[12] R. at 671.

[13] R. at 658; *see also* Pros. Ex. 3.

[14] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[15] Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (2018).

[16] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[17] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[18] *Healy*, 26 M.J. at 395–97.

[19] *United States v. Swisher*, 85 M.J. 1, 4 (C.A.A.F. 2024) (quoting *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001)).

uniformity."[20] We are not required "to engage in sentence comparison with specific cases except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases."[21] An appellant "bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.'"[22] If the appellant meets that burden, then the Government "must show that there is a rational basis for the disparity."[23]

### 2. Lack of Uniformity

Appellant cites three other cases against Naval servicemembers from between February 2023 and February 2025 which involved convictions of the same charges for which Appellant was convicted.[24] None of these cases is closely related to Appellant's misconduct, and there is no mandate for us to compare the sentences in those cases with Appellant's. Appellant also references, without citation, 41 other cases against Naval servicemembers between February 2023 and February 2025 involving sexual offenses against children, making the argument that those servicemembers received lesser sentences for more serious conduct.

Appellant does not claim that any of these cases are closely related to his case, and we find that they are not. As a result, the Government is not required to show any rational basis for the disparity in the sentences. We therefore consider Appellant's sentence not on the basis of any lack of uniformity with other closely related cases, but rather based upon our review of the record as a whole along with our collective knowledge of the military justice system.[25] In doing so, we find ample justification to support the adjudged sentence that Appellant received, as we discuss below.

---

[20] *Id.* (quoting *United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001)).

[21] *United States v. Noble*, 50 M.J. 293, 294 (C.A.A.F. 1999) (quoting *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (internal quotation marks and additional citation omitted)); s*ee also Swisher*, 85 M.J. at 4 (citing *United States v. Behunin*, 83 M.J. 158, 161-162 (C.A.A.F. 2023)).

[22] *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999).

[23] *Id.*

[24] Appellant's Brief at 4 n.16.

[25] *See United States v. Ballard*, 20 M.J. 282, 286 (C.M.A. 1985) (Everett, C.J., concurring).

### *3. Appellant's Self-Report and Confession*

Appellant's next argument is likewise unconvincing. It is true that Appellant went to NCIS on his own and confessed. And doing so in some cases may illustrate a certain level of remorse and acknowledgement of wrongdoing. It is also true that Appellant pleaded guilty, thereby saving the Government the expense of a contested trial on Charge I and its specifications. However, there are factors that reduce the strength of the mitigating nature of both of these acts.

First, we note that while Appellant confessed, he only did so *after* being notified that MEGA had suspended his account for a link that violated its terms of service. Second, while Appellant pleaded guilty, the Government's case by the time of trial was strong, as it included substantial digital forensic evidence along with Appellant's confession. While a military judge may consider an Appellant's acceptance of responsibility and plea of guilty as mitigation,[26] the value of such mitigation will almost certainly vary from case to case. In this case, Appellant's guilty plea, unsworn statement, and evidence in extenuation and mitigation, while certainly relevant to our analysis, was not overly compelling.

### *4. The Military Judge's Lack of Articulated Reasoning*

Finally, Appellant appears to conflate the standards of review for his case with that which is applicable to cases in which an accused's offenses occurred after the effective date of the sentencing reform provisions of the National Defense Authorization Act for Fiscal Year 2022 (FY 2022 NDAA). The FY 2022 NDAA provides that the President shall set parameters that delineate sentencing ranges for an offense that is appropriate for a typical violation of the offense.[27] A military judge who adjudges a sentence outside of the presidentially-established parameters is required to "include in the record the factual basis for the sentence."[28]

Here, Appellant's misconduct occurred prior to the applicability of the FY 2022 NDAA, and we thus will not base our decision on Appellant's case on that law. While it is true that the military judge did not articulate his reasoning for the sentence, we know of no rule—nor does Appellant cite one—requiring such

---

[26] R.C.M. 1001(g)(5).

[27] National Defense Authorization Act for the Fiscal Year 2022, Pub. L. No. 117-81, § 539E(e)(2)(A), 135 Stat. 1541, 1704.

[28] Article 56, UCMJ, 10 U.S.C. § 856(c)(2)(B)(2024).

an articulation.[29] The military judge, in arriving at an appropriate sentence, was required to "impose punishment sufficient, but not greater than necessary, to promote justice and to maintain good order and discipline."[30]

We have no trouble concluding that he did that here. We base our decision on SA Alpha's and Investigator Foxtrot's sentencing testimony and the nature of the evidence, including our own independent review of the child pornography contained in Prosecution Exhibit 3, along with all other evidence admitted on sentencing. Given Appellant's wrongful possession and distribution of these files, combined with his stated desire to obtain more of the same, we are convinced that Appellant's sentence is not inappropriately severe and that Appellant received the sentence he deserved.

---

[29] We note that even if Appellant's offenses had occurred after the effective date of the FY 2022 NDAA sentencing reform, that the parameters for Appellant's offenses included 1-36 months for possession of child pornography, and 30-120 months for distribution of child pornography. *Manual for Courts-Martial, United States* (2024 ed.) app'x 12B, Sentencing Parameter Table; app'x 12C, Offense Category Chart, at A12C-1. The military judge's sentence was segmented, and he adjudged 36 months for the possession specification and 120 months for the distribution specification. Thus, even if Appellant's case were subject to the law he cites, he would be entitled to no relief for the lack of a written explanation for the military judge's sentence.

[30] Article 56, UCMJ, 10 U.S.C. § 856.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings are correct in law, the sentence is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.[31] However, we note that the Entry of Judgment does not account for the dishonorable discharge imposed by the military judge. Appellant does not claim any prejudice from this omission, and we find none, however, Appellant is entitled to accurate court-martial records and we therefore modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[31] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202500063 |
| **v.** | **ENTRY** |
| | **OF** |
| **Khalil R. KEARNEY** | **JUDGMENT** |
| **Operations Specialist Second Class** | |
| **(E-5)** | |
| **U.S. Navy** | *As Modified on Appeal* |
| *Accused* | |
| | **26 March 2026** |

On 11 October 2024, the Accused was tried at Region Legal Service Office Southeast, Jacksonville, Florida, by a general court-martial, consisting of a military judge sitting alone. Military Judge Adam G. Patridge presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:**   **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:**   **Wrongfully possessing child pornography from on or about 27 February 2021 to on or about 15 March 2021.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:**   **Wrongfully distributing child pornography from on about 21 February 2021 to on or about 15 March 2021.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Charge II:** **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

*Plea:* Not Guilty.

*Finding:* Not Guilty.

**Specification 1:** **Sexual assault of a child involving sexual contact on divers occasions from on or about October 2022 to on or about March 2023 by touching the buttocks of J.W. with his hand.**

*Plea:* Not Guilty.

*Finding:* Not Guilty.

**Specification 2:** **Rape of a child who had not attained the age of 12 years old on by placing his penis in the mouth of J.W. on or about 21 March 2023.**

*Plea:* Not Guilty.

*Finding:* Not Guilty.

**Specification 3:** **Rape of a child who had not attained the age of 12 years old on by causing contact between the mouth of J.W. and his penis on or about 21 March 2023.**

*Plea:* Not Guilty.

*Finding:* Not Guilty.

## SENTENCE

On 11 October 2024, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement**

*For Specification 1 of Charge I:*
confinement for 36 months.

*For Specification 2 of Charge I:*
confinement for 120 months.

The terms of confinement will be served consecutively with each other.

**Confinement for a total of 156 months.**

**A dishonorable discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court